# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:19-CV-00182-MR-DSC

| | |
|---|---|
| RAB BUILDERS INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUNCOMBE COUNTY et. al., )<br>)<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss" (document #2) filed June 7, 2018, and Plaintiff's "Amended Complaint" (document #8) filed July 19, 2019.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Id.

Although the Fourth Circuit has not addressed the issue, District Courts in this Circuit have held that an extension of time to respond to a motion to dismiss extends the time to amend as a matter of course. See Superior Performers, Inc. v. Phelps, 2015 WL 13650060, *1 (M.D.N.C. May 15, 2015) quoting Hurd v. NDL, Inc., 2012 WL 642425, at *1 (D. Md. Feb. 27, 2012) ("[Plaintiff] filed her amended complaint 31 days after the defendants filed their motion to dismiss under Rule

12(b)(6). However, because [she] requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course"); Jackson v. Merscorp, Inc., 2013 WL 12190523, *1 (M.D.N.C May 20, 2013) (same);

Plaintiff filed its Amended Complaint within the extended time for responding to Defendants' Motion to Dismiss. See Text-Only Orders entered June 15, 2019 and July 2, 2019. Accordingly, the amendment was as a matter of course.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

**IT IS THEREFORE ORDERED** that:

1. "Defendants' Motion to Dismiss" (document #2) is administratively **DENIED** as moot without prejudice.

2. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel, and to the Honorable Martin Reidinger.

**SO ORDERED**.

Signed: July 23, 2019

David S. Cayer
United States Magistrate Judge